THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE BELLACH, Appellant.— Appeal by defendant from an order of the County Court of Richmond County, denying his motion to set aside the judgment of said court convicting him of the crime of robbery in the first degree while armed and the sentence imposed pursuant to said conviction, upon the ground that the person whom he retained to defend him was not duly admitted to the practice of law in this or any other State. Upon appeal to this court, the judgment of conviction was unanimously affirmed (*People* v. *Bellach*, 246 App. Div. 639), the present question not being raised upon that appeal. Appeal dismissed, upon the ground that the order is not appealable. (Code Crim. Proc. §§ 466, 517 and 520.) In any event, the case was properly decided on the merits. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERSCHEL BERNSTEIN, Appellant.— Judgment of the County Court of Kings County, convicting the defendant of the crime of attempted burglary in the third degree, reversed on the law and a new trial ordered. The court committed reversible error in calling to the witness stand witnesses subpœnaed by the defendant and not called upon by him to testify, and permitting such witnesses to be interrogated about conversations, not in the presence of the defendant, had with the assistant district attorney, defendant's counsel, and others, the apparent object of such interrogation being to establish that the alibi presented by the defense was a false concoction. The court also committed reversible error in its charge at folios 419–420 of the record in reference to the defendant's right to offer testimony of his good character; and at folios 423, 424, in reference to failure of the defense to call certain witnesses to the stand. (*People* v. *De Martino*, 252 App. Div. 476; *People* v. *Rafkind*, 254 id. 742; *People* v. *Ferguson*, 245 id. 837.) These errors require a reversal even though there was sufficient competent evidence, if accepted by the jury, to establish the guilt of the defendant. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.